**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kessele Livingston, | No. CV-16-03295-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Lauri Esslinger, Anrise Reeves, Lisa Lucchesi, Rebecca Ohton, Teresa Patterson, Robin E Ance, Brenda Lemley-Spence, and Maria Villagrana, | |
| Defendants. | |

In this civil rights action, Plaintiff Kessele Livingston alleges that Defendants, who are Arizona Child Protective Services (CPS) caseworkers, violated 42 U.S.C. §§ 1981 and 1983 by infringing upon his substantive due process rights and discriminating against him because of his race. (Doc. 21.) Defendants have moved to dismiss Plaintiff's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 26.) For reasons stated below, the motion is granted in part.[1]

## **BACKGROUND**[2]

Plaintiff, a Liberian national, came to the United States in 2007 as an eleven-year-

---

[1] Upon review of the briefs, Plaintiff's request for oral argument is denied because the issues are adequately briefed and oral argument will not assist the Court in resolving the pending motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] The well-pled factual allegations in the third amended complaint are accepted as true for purposes of this order. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

old refugee fleeing civil war. (Doc. 21 ¶¶ 6-8.) He was born May 5, 1996, but upon admission to the United States his aunt incorrectly recorded his birth date as January 2, 1994. (¶¶ 9-11.) As a result, the resident card issued by the United States listed Plaintiff's birth date as January 1, 1994 and he thereafter was deemed two years older than his actual age.[3] (¶ 36.)

CPS obtained custody of Plaintiff in 2011, and in December of that year Plaintiff informed his caseworkers, Defendants Rebecca Ohton, Teresa Patterson, and Lauri Esslinger ("2012 caseworkers"), that he was two years younger than his recorded age. (¶¶ 36, 53.) Plaintiff's GED instructor and a psychiatrist also noted a discrepancy between Plaintiff's recorded age and how he appeared and behaved. (¶¶ 30, 37.) Nevertheless, Plaintiff was "aged out" of CPS more than two years early, had to leave his group home, and was denied restorative services. (¶¶ 39-40, 49.)

Though he was a juvenile, Plaintiff later was convicted of an adult criminal offense based on the erroneously recorded birth date, which compromised his immigration status. (¶¶ 69, 71-72.) Plaintiff was placed into removal proceedings and detained by Immigration and Customs Enforcement (ICE) at its facility in Florence, Arizona. (¶ 74.) While in ICE custody, a forensic dental analysis confirmed that Plaintiff was a minor. (¶ 76.) Plaintiff's federal records were then corrected to reflect a May 5, 1996 birth date. (¶ 77.)

Plaintiff was released from ICE custody and returned to CPS care. (¶ 84.) There, his new caseworkers—Defendants Robin Ance, Brenda Lemley-Spence, Maria Villagrana, Anrise Reeves, and Lisa Lucchesi ("2013 caseworkers")—told him that he need not comply with his probation requirements. (¶ 89.) No attempt was made to correct Plaintiff's criminal record or contact his probation office, and he was subsequently arrested and imprisoned twice for violating his probation. (¶¶ 86, 95, 97.)

Plaintiff's criminal charges eventually were set aside and he was deemed lawfully

---

[3] It is not clear why the resident card listed a January 1, rather than a January 2, birth date.

present in the country. (¶¶ 103-104.) After Plaintiff turned eighteen, he brought this action against his 2012 and 2013 caseworkers, who now move to dismiss.

## **LEGAL STANDARD**

A successful Rule 12(b)(6) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss only where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the court must take "the well-pled factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## **DISCUSSION**

Plaintiff alleges that his 2012 and 2013 caseworkers violated his substantive due process rights and discriminated against him because of his race by failing to confirm his age and correct the error despite being aware of the problem and its potentially serious ramifications. Defendants argue that the complaint does not contain sufficient factual allegations to state plausible claims to relief under 42 U.S.C. §§ 1983 and 1981. Defendants further argue that, even if Plaintiff has adequately alleged civil rights violations, they are entitled to qualified immunity. As explained more fully below, the Court disagrees in part and concludes that Plaintiff has sufficiently stated a claim under § 1983 against the 2012 caseworkers. The Court agrees with Defendants, however, that Plaintiff has not stated a plausible claim under § 1983 against the 2013 caseworkers, nor a plausible claim under § 1981 against any Defendant.

**I. Section 1983**

To sustain an action under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff alleges that Defendants, acting at all relevant times under color of state law, deprived him of his substantive due process rights under the Fourteenth Amendment in three ways: (1) the 2012 caseworkers failed to provide him with age-appropriate care, (2) all Defendants failed to correct his age on official records, and (3) the 2013 caseworkers told him that he need not comply with probation. Defendants contend that these alleged acts and omissions do not amount to a constitutional violation as a matter of law.

By invoking the substantive component of the Due Process Clause, Plaintiff claims that the government was "categorically obligated to protect him in these circumstances." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (9th Cir. 1989). It is well-established, however, that the Due Process Clause provides no general affirmative right to government aid, even where such aid is necessary to secure life, liberty or property interests. *Id.* at 196. There are two exceptions to this general rule: the special relationship and the state-created danger exceptions. The former imposes upon the government some degree of responsibility for a person's safety and well-being when a custodial or other "special" relationship exists between the person and the state. *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012). The latter applies when the government has affirmatively created or placed the individual in peril by acting with deliberate indifference to a known and obvious danger. *Johnson v. City of Seattle*, 474 F.3d 634, 639-40 (9th Cir. 2007). The Court will address whether Defendants' alleged acts or omissions fall within either of these exceptions.

### A. Failure to Provide Age-Appropriate Care

Children in foster care have a special relationship with the state and thus a federal constitutional right to state protection. *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 846-47 (9th Cir. 2010). This protection requires the state to provide "reasonable

safety and minimally adequate care and treatment appropriate to the age and circumstances of the child." *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992). Common sense dictates that a determination of actual age by the state is vital to provide a foster child with his constitutional right to age-appropriate care.

### 1. Plausible Constitutional Violation

Plaintiff alleges that the 2012 caseworkers' failure to confirm his age resulted in him being denied age-appropriate education and restorative services and ultimately caused him to be denied all services and protection when he was prematurely "aged out" of the system. In light of the alleged indicators that Plaintiff was younger than his residency card reflected, the failure to confirm Plaintiff's true age plausibly constitutes at least negligence. The Due Process Clause, however, "does not transform every tort committed by a state actor into a constitutional violation." *Deshaney*, 489 U.S. at 202. Rather, a plaintiff must allege behavior that is so deliberately indifferent to his constitutional rights that it "shocks the conscience." *Ctny. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Even under this demanding standard, however, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim against the 2012 caseworkers.

Plaintiff claims that the 2012 caseworkers relied solely upon the age reported by the federal government to determine what services he would be provided. Ohton and Patterson, however, noted in Plaintiff's Permanency Hearing Report that Plaintiff claimed he was only fifteen and that he was fearful of "aging out" of the system. (Doc. 21 ¶¶ 36, 38.) Ohton and Patterson also noted that Plaintiff's instructors at JFCS Real World GED believed him to be fifteen based on his maturity and intellectual ability. (¶ 37.) Esslinger documented that Plaintiff reported his age to be fifteen and knew that he was only functioning at a second grade level. (¶ 40.) Plaintiff alleges that the 2012 caseworkers all knew that he was "diminutive in size," that a juvenile-court-appointed evaluator questioned his age, and that a psychiatrist reported that "he certainly appears younger than the reported age." (¶¶ 18, 30, 43.) Despite recurrent uncertainty as to Plaintiff's age,

Esslinger terminated CPS involvement in 2011. (¶ 39.)

Accepting these allegations as true and construing them in the light most favorable to Plaintiff, as the Court must at this stage, Plaintiff has plausibly alleged that the 2012 caseworkers failed to reasonably investigate his true age and deliberately ignored the fact that he was a minor when they removed him from CPS custody and released him to the streets. The Court therefore concludes that Plaintiff has sufficiently stated a § 1983 claim against the 2012 caseworkers based on their alleged failure to provide him with age-appropriate care.

### 2. Qualified Immunity

Defendants alternatively contend that a child's right to an accurate determination of his age in order to provide age-appropriate care is not clearly established and, therefore, dismissal is appropriate because they have qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The plaintiff bears the burden to prove that the right allegedly violated was clearly established. *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991).

Here, to resolve the qualified immunity question the Court first must consider the contours of a foster child's clearly established rights, and then examine whether a reasonable official would have understood that the specific conduct alleged by the plaintiff violated those rights. *Henry A.*, 678 F.3d at 1000. Defendants are not entitled to qualified immunity merely because the precise acts or omissions in question have not previously been held unlawful. *Id*.

For children under the state's protection, this Circuit has clearly established a constitutional right to "reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child." *Lipscomb*, 962 F.2d at 1397. For example, the caseworkers in *Henry A.* failed to transfer a child's medical records between

doctors and, as a result, the child was prescribed drugs that negatively interacted, causing him to be admitted to the intensive care unit (ICU). 678 F.3d at 997. Upon release, he was given the same drugs again and was readmitted to the ICU. *Id.* The 9th Circuit found that the caseworkers' conduct constituted a violation within the "relevant contours of a foster child's clearly established rights" and, further, that a reasonable caseworker would have known that such conduct violated these clearly established rights. *Id.* at 1001. The caseworkers consequently were not shielded by qualified immunity. *Id*.

Here, Plaintiff alleges that the 2012 caseworkers failed to confirm his age despite numerous indications that he was a minor, and as a result provided him with constitutionally inadequate care. The right to reasonable safety and minimally adequate care and treatment is framed with direct reference to the age of the child. The necessity of ascertaining a child's age in order to meet the duty of providing age-appropriate care therefore seems clear enough that a reasonable caseworker would have known that turning a blind eye to evidence that a child was younger than his recorded age likely would result in age-inappropriate care and treatment. The Court declines at this early stage to find that the 2012 caseworkers have qualified immunity.

Nonetheless, the Court is mindful that further factual development might show that the 2012 caseworkers were not sufficiently alerted to Plaintiff's true age. Indeed, "[a] qualified immunity defense is generally not amenable to dismissal under Rule 12(b)(6) because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint." *Anderson v. Solis*, No. C 12-3855 PJH, 2013 WL 245232, at *4 (N.D. Cal. Jan. 22, 2013). Accordingly, though the Court declines to dismiss Plaintiff's § 1983 claim against the 2012 caseworkers at this juncture, nothing in this order precludes these Defendants from reasserting this affirmative defense after further factual development.

**B. Failure to Correct Plaintiff's Age on Official Records**

Plaintiff alleges that all Defendants failed to correct his age on official records, and that the 2013 caseworkers failed to resolve his probation violations and assist in

setting aside the adult criminal judgments against him. Although there was a special relationship between Plaintiff and CPS while he was in foster care, Defendants' alleged failures—not correcting Plaintiff's age on official records or resolving his criminal problems—are not within the scope of the state's duty to provide minimally adequate care. Confirming a child's age to provide age-appropriate care is different than correcting a child's age on, for example, a federally issued green card by petitioning the appropriate office to issue a replacement card. Likewise, although CPS caseworkers must provide age-appropriate care to foster children, they are not responsible for ensuring that other government actors satisfy their own duties with respect to those children, for example, by providing due process to a juvenile offender. Further, Defendants' failure to correct Plaintiff's age is an omission, not an affirmative act, and thus cannot be the basis for a "state-created danger" claim. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-63 (9th Cir. 2006). Accordingly, to the extent Plaintiff's § 1983 claim is premised on allegations that Defendants failed to correct his age on official records or to assist in clearing his adult criminal record, the claim is dismissed.

### C. Statements Regarding Probation Compliance

Finally, Plaintiff alleges that the 2013 caseworkers told him that he did not have to comply with his probation requirements. Defendants superficially argue that this allegation is implausible. The Court disagrees, and under the applicable standards this allegation must be accepted as true and construed in the light most favorable to Plaintiff.

Nevertheless, the Court finds that the special relationship between Plaintiff and CPS did not impose upon the 2013 caseworkers a constitutional duty to provide accurate legal advice. As previously noted, the special relationship gives rise only to a duty to provide reasonable safety and minimally adequate, age-appropriate treatment and care.

Nor does the alleged conduct fall within the state-created danger exception. For this exception to apply, the state actor must leave the individual in a situation that was more dangerous than the one in which the actor found him. *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1086 (9th Cir. 2000). For example, in *Munger*, police

officers ejected an intoxicated man from a bar when he was inadequately clothed for the cold weather and had no way to get home. *Id.* at 1085. The man subsequently died of hypothermia. *Id.* Under these circumstances, the Ninth Circuit concluded that the officers affirmatively placed the man in a more dangerous situation than the one in which they found him. *Id.* at 1087.

Assuming that by advising Plaintiff that he did not have to comply with the terms of his probation the 2013 caseworkers affirmatively placed him in a situation that was more dangerous than the one in which they found him, dismissal of this claim still is appropriate. As previously noted, to sustain a claim under the Due Process Clause a plaintiff must allege behavior that is so deliberately indifferent to his constitutional rights that it shocks the conscience. Plaintiff's allegations do not rise to this level. Plaintiff alleges no facts plausibly showing that the 2013 caseworkers knew their advice was false or were deliberately indifferent to a known risk of harsh legal consequences. At most, Plaintiff's allegations suggest that Defendants negligently advised him on a legal matter outside their area of expertise. To the extent Plaintiff's § 1983 claim is premised on allegations that the 2013 caseworkers advised him that he need not comply with his probation, the claim is dismissed.

**II. Section 1981**

To sustain an action under § 1981, a plaintiff must plausibly allege "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Here, Plaintiff contends that racial animus may be inferred simply from the fact that he is of a racial minority. The Court disagrees. Plaintiff must allege "some facts that plausibly give rise to an inference that race was the reason for Defendants' actions." *Gray v. Apple Inc.*, No. 16-cv-04421-HSG, 2017 WL 1709327, at *3 (N.D. Cal. May 3, 2017). The mere fact that Plaintiff is of a racial minority does not, of itself, plausibly show that Defendants' conduct was racially-motivated. Plaintiff therefore fails to state a plausible § 1981 claim against Defendants.

- 9 -

# **CONCLUSION**

For the foregoing reasons, Plaintiff plausibly alleges that the 2012 caseworkers acted with deliberate indifference by failing to provide age-appropriate care to a child in their custody. The motion to dismiss is denied in this regard. The motion is granted, however, with respect to the 2013 caseworkers because Plaintiff has not plausibly alleged that they acted with deliberate indifference. Moreover, Plaintiff has not stated a plausible § 1981 claim.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. All claims against Defendants Ance, Spence, Villagrana, Reeves, and Lucchesi are dismissed;

2. The § 1981 claim against Defendants Ohton, Patterson, and Esslinger is dismissed;

3. The § 1983 claim against Defendants Ohton, Patterson, and Esslinger may proceed as specified in this order.

Dated this 5th day of July, 2017.

Douglas L. Rayes
United States District Judge